IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MOHAMMAD SADAT-MOUSSAVI, | : | PRISONER HABEAS CORPUS |
| GDC # 1000081800, | : | 28 U.S.C. § 2254 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| SHAWN EMMONS, Warden, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:16-CV-65-AT-JKL |

**FINAL REPORT AND RECOMMENDATION**

Petitioner, Mohammad Sadat-Moussavi, confined in Wilcox State Prison in Abbeville, Georgia, submitted a habeas corpus petition under 28 U.S.C. § 2254 in order to challenge his convictions in the Fulton County Superior Court. [Doc. 1 at 1.] After the Federal District Court denied the Government's motion to dismiss [Doc. 20], the parties filed additional briefs and exhibits regarding the merits of the petition [Docs. 21, 22, 23, 24, 25, 26, 28]. For the reasons given below, the undersigned recommends that the petition be denied and this action be dismissed.

I.  Background

On August 21, 2009, a jury convicted Petitioner of aggravated assault, pointing a firearm at another, false imprisonment, terroristic threats, aggravated battery, and possession of a firearm during the commission of a felony. *See Sadat-Moussavi v.*

*State*, 313 Ga. App. 433, 433 (2011). [*See also* Doc. 1 at 1; Doc. 14-2 at 1.] Petitioner was sentenced to twenty-five years of imprisonment, suspended after ten years, followed by fifteen years of probation. [Doc. 1 at 1; Doc. 21 at 1.]

On direct appeal, Petitioner claimed that "the trial court abused its discretion in failing to strike a prospective juror for cause." *Sadat-Moussavi*, 313 Ga. App. at 433. [Doc. 14-2 at 1.] The Georgia Court of Appeals rejected that claim and affirmed Petitioner's convictions on December 27, 2011. Petitioner did not seek certiorari in the Georgia Supreme Court. [Doc. 1 at 2.]

In his state habeas proceeding, which commenced on October 1, 2012, Petitioner presented the following grounds for relief:

1. The police, prosecution, and trial counsel "forged" evidence against Petitioner, in violation of his Fourteenth Amendment rights.

2. Trial counsel provided ineffective assistance because he "disregarded witnesses, left cross-examinations inconclusive (did not highlight witnesses' contradictions), raised no objections where they had merit, and turned all allegations into evidence through tacit agreement or silence."

3. Appellate counsel provided ineffective assistance because he "disregarded witnesses, [the] disloyalty of trial counsel, and false prosecution witnesses . . . ."

    4. Appellate counsel violated Petitioner's Fourteenth Amendment rights by conspiring with a judge to conceal "the misconduct of all those involved in the trial court."

    5. "Trial counsel could not raise ineffective assistance of counsel against himself on appeal."

    6. "Petitioner was denied the right to represent himself on his Motion for New Trial."

[Doc. 14-3 at 4-5; Doc. 14-4 at 2-5; Doc. 26-2 at 2-4.] The state habeas court denied relief in a final order filed on April 3, 2015. [Doc. 14-4.] The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal on September 8, 2015. [Doc. 14-5.]

Petitioner timely executed his § 2254 petition on January 4, 2016. [Doc. 1 at 7; Doc. 18 at 3-5; Doc. 20 at 1-2.] Petitioner raises the same grounds for relief found in his state habeas petition. [Doc. 1 at 5-6, 8.] Petitioner also adds the following grounds, which the undersigned labels as grounds seven and eight:

    7. The state habeas court violated Petitioner's Fourteenth Amendment rights.

    8. The Georgia Supreme Court's rulings in Petitioner's habeas case violated his First and Fourteenth Amendment rights.

[*Id.* at 8-9.]

3

The undersigned considers Petitioner's grounds in the following order: (1) grounds one, three, four, five and six, which were adjudicated on the merits in the state habeas proceeding; (2) ground two, which is procedurally defaulted; and (3) grounds seven and eight, which fail to state claims for relief.

II.   Grounds Adjudicated on the Merits

A federal court may not grant habeas relief with respect to a claim previously adjudicated on the merits in a state court proceeding unless the adjudication resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

> Under the "contrary to" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  The "clearly established Federal law" identified in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the

United States Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 412. As to § 2254(d)(2), "[a] determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

"[T]he highest state court decision reaching the merits of a habeas petitioner's claim is the relevant state court decision" for federal habeas review. *Newland v. Hall*, 527 F.3d 1162, 1199 (11th Cir. 2008). The Georgia Supreme Court's summary denial of a certificate of probable cause to appeal constitutes an adjudication on the merits. *See Hittson v. GDCP Warden*, 759 F.3d 1210, 1231-32 & n.25 (11th Cir. 2014). Therefore, the federal court's task is "to review the record before the Georgia Supreme Court to determine what arguments or theories supported or . . . could have supported the state court's decision." *Id.* at 1232-33 (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)) (internal quotation marks omitted). A federal habeas petitioner must show that "there was no reasonable basis for the [Georgia Supreme Court] to deny

relief." *Id.* at 1233 (quoting *Harrington*, 562 U.S. at 98) (internal quotation marks omitted).

Having reviewed the parties' filings and the record of the state court proceedings, the undersigned determines that an evidentiary hearing is not required for disposition of this case. *See* 28 U.S.C. § 2254(e)(2); 28 U.S.C. foll. § 2254, Rule 8(a).

A. <u>Grounds One and Four</u>

In ground one, Petitioner claims that the police, prosecution, and trial counsel "forged" evidence against him. [Doc. 1 at 5.] In ground four, Petitioner claims that appellate counsel conspired with a judge to conceal "the misconduct of all those involved in the trial court." [*Id.* at 6.] The state habeas court rejected those claims because Petitioner failed to present "evidence of the existence of a conspiracy or that evidence was forged." [Doc. 14-4 at 2.]

The undersigned has reviewed the portions of the record relating to Petitioner's claims but has not found evidence of a conspiracy or anything that was "forged." [*See, e.g.*, Doc. 14-3 at 20-25; Doc. 21 at 5; Doc. 22-1 at 45-51; Doc. 28-1 at 2-7, 11-13, 23.] Therefore, the state habeas court's conclusion was reasonable. It follows that the Georgia Supreme Court's summary denial of Petitioner's application for a

6

certificate of probable cause to appeal was not based on an unreasonable determination of the facts.

Accordingly, the undersigned recommends that Petitioner be denied federal habeas relief as to grounds one and four.

B.     Ground Three

The clearly established federal law that applies to ground three is found in *Strickland v. Washington*, 466 U.S. 668 (1984), which the United States Supreme Court has applied to claims of ineffective assistance of appellate counsel. *See Smith v. Robbins*, 528 U.S. 259, 285-89 (2000). In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. As to the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689. As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

7

at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

> The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so . . . . The *Strickland* standard is a general one, so the range of reasonable applications is substantial. . . . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations and internal quotation marks omitted).

Petitioner claims that appellate counsel provided ineffective assistance because he "disregarded witnesses, [the] disloyalty of trial counsel, and false prosecution witness[es] . . . ." [Doc. 1 at 5.] At the state habeas hearing, "appellate counsel testified that [(1)] he raised what he believed to be the only meritorious issue on appeal, and [(2)] he thought that the other issues suggested by Petitioner were frivolous." [Doc. 14-4 at 4-5.] The state habeas court explained that "[a]ppellate counsel need not raise every non-frivolous issue suggested by an appellant. . . . Rather, an effective appellate counsel raises the most compelling issues on appeal while discarding the weaker issues so as not to dilute the force of the stronger ones."

8

[*Id.* at 3 (citing *Smith*, 528 U.S. at 287-88, and *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983)) (internal quotation marks omitted).] The state habeas court applied *Strickland* to Petitioner's claim and concluded that the claim lacked merit. [*Id.* at 3-5.]

As the state habeas court determined, appellate counsel (1) considered Petitioner's proposed appellate issues regarding the credibility of witnesses and disloyalty of trial counsel, and (2) determined that those issues were frivolous. The role of the jury at Petitioner's trial was to assess the credibility of witnesses, and there is no indication that trial counsel was disloyal or had a conflict of interest. Therefore, Petitioner fails to show a reasonable probability that appellate counsel would have prevailed by raising Petitioner's proposed appellate issues.

The state habeas court reasonably concluded that (1) appellate counsel's performance was not deficient, and (2) Petitioner failed to show a reasonable probability of a different outcome. It follows that the Georgia Supreme Court's summary denial of Petitioner's application for a certificate of probable cause to appeal was (1) neither contrary to, nor an unreasonable application of, federal law, and (2) not based on an unreasonable determination of the facts.

Accordingly, the undersigned recommends that Petitioner be denied federal habeas relief as to ground three.

9

### C. Ground Five

Petitioner claims that "[t]rial counsel could not raise ineffective assistance of counsel against himself on appeal." [*See* Doc. 1 at 5; Doc. 14-3 at 5; Doc. 14-4 at 3 & n.1.] The state habeas court rejected that claim because Petitioner had different counsel at trial and on appeal. [Doc. 14-4 at 5.]

The state habeas court correctly concluded that Petitioner had different counsel at trial and on appeal. [*See* Doc. 1 at 6.] It follows that the Georgia Supreme Court's summary denial of Petitioner's application for a certificate of probable cause to appeal was not based on an unreasonable determination of the facts. Because Petitioner had different counsel at trial and on appeal, his claim in ground five is irrelevant.

Accordingly, the undersigned recommends that Petitioner be denied federal habeas relief as to ground five.

### D. Ground Six

Petitioner claims that he "was denied the right to represent himself on his Motion for New Trial." [*See* Doc. 1 at 8; Doc. 14-4 at 5; Doc. 26-2 at 2-4.] The state habeas court rejected that claim based on Georgia law and a factual finding that Petitioner failed to submit a request for self-representation at the proper time, namely, before trial. [Doc. 14-4 at 5.]

Petitioner cannot obtain federal habeas relief based on the state habeas court's legal conclusion under Georgia law. "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).

As to the factual finding in ground six, the state habeas court correctly concluded that Petitioner failed to submit a request for self-representation before trial. [*See* Doc. 28-1 at 11-13, 26-27.] It follows that the Georgia Supreme Court's summary denial of Petitioner's application for a certificate of probable cause to appeal was not based on an unreasonable determination of the facts.

Accordingly, the undersigned recommends that Petitioner be denied federal habeas relief as to ground six.

III.   Procedurally Defaulted Ground

Petitioner presented ground two to the state habeas court, which determined that it is procedurally defaulted pursuant to O.C.G.A. § 9-14-48(d). [*See* Doc. 14-4 at 2-3.] The court explained that Petitioner failed to (1) raise ground two on direct appeal, and (2) show cause and prejudice to excuse the default. [*Id.*]

11

"Federal courts may not review a claim procedurally defaulted under state law if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and the bar presents an independent and adequate state ground for denying relief." *Hill v. Jones*, 81 F.3d 1015, 1022 (11th Cir. 1996). However,

> [a] federal court may still address the merits of a procedurally defaulted claim if the petitioner can show cause for the default and actual prejudice resulting from the alleged constitutional violation. . . . To show cause, the petitioner must demonstrate some objective factor external to the defense that impeded his effort to raise the claim properly in state court. . . . [I]f the petitioner fails to show cause, [the court] need not proceed to the issue of prejudice. . . . [I]n order to show prejudice, a petitioner must demonstrate that the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness.

*Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010) (citations and internal quotation marks omitted). "[I]neffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). "[A] claim of ineffective assistance . . . generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Id.* at 452 (internal quotation marks omitted).

AO 72A
(Rev.8/82)

Alternatively, the petitioner may obtain federal habeas review of a procedurally defaulted claim if he presents "proof of actual innocence, not just legal innocence." *Ward*, 592 F.3d at 1157 (citation omitted). To demonstrate actual innocence, the petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

In the present case, the state habeas court correctly determined that ground two is procedurally defaulted because Petitioner did not raise it on direct appeal. Petitioner does not establish cause for the default. As the undersigned explained in Part II, Sections A and B, the Georgia Supreme Court acted reasonably in summarily denying Petitioner's application for a certificate of probable cause to appeal as to his claims of ineffective assistance of appellate counsel. Therefore, the issue of prejudice does not need to be considered. Petitioner also does not present proof of actual innocence.

Accordingly, the undersigned recommends that Petitioner be denied federal habeas relief as to ground two.

IV. <u>Grounds that Fail to State Claims for Relief</u>

In grounds seven and eight, Petitioner challenges the manner in which his state habeas proceeding was conducted. "[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004). Therefore, Petitioner cannot obtain federal habeas relief by raising defects in his state habeas proceeding.

Accordingly, the undersigned recommends that Petitioner be denied federal habeas relief as to grounds seven and eight.

V. <u>Certificate of Appealability</u>

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition

14

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A certificate of appealability should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2254, Rule 11(a).

VI.  Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that the § 2254 petition [Doc. 1] be **DENIED**, a certificate of appealability be **DENIED**, and this action be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED**, this 28th day of February, 2018.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE