# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MOHAMMAD SADAT-MOUSSAVI, | : | PRISONER HABEAS CORPUS |
| GDC No. 1000081800, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| SHAWN EMMONS, Warden, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:16-CV-65-AT |

## **ORDER**

This case is before the Court on the Magistrate Judge's Final Report and Recommendation ("R&R") [37] and Petitioner's objections [39]. The Magistrate Judge recommends that Petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus [1] be denied and a certificate of appealability be denied. (Doc. 37 at 15.)

The district court must "make a de novo determination of those portions of the [R&R] to which objection is made" and "may accept, reject, or modify [the R&R], in whole or in part . . . ." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's [R&R] must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R.

Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

The Court initially notes that the Magistrate Judge set forth the standard of review prescribed by the United States Court of Appeals for the Eleventh Circuit. (Doc. 37 at 5-6.) That standard allowed consideration of "arguments or theories [that] supported or . . . could have supported" the Georgia Supreme Court's summary denial of Petitioner's application for a certificate of probable cause to appeal. (*Id.* at 5 (quoting *Hittson v. GDCP Warden*, 759 F.3d 1210, 1232 (11th Cir. 2014)).) After the R&R was issued, the United States Supreme Court determined that the proper standard is to (1) " 'look through' the [summary denial] to the last related state-court decision that does provide a relevant rationale," and (2) "presume that the [summary denial] adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

The R&R effectively followed *Wilson* by considering the reasoned decision of the state habeas court. (*Id.* at 6-13.) The Magistrate Judge did not need to consider alternative "arguments or theories [that] . . . could have supported" the summary denial of Petitioner's application for a certificate of probable cause to appeal. (*Id.* at 5 (quoting *Hittson*, 759 F.3d at 1232).) Therefore, the Magistrate Judge's analysis would not have changed if the R&R was issued after *Wilson* was decided.

The Magistrate Judge reached the following conclusions regarding Petitioner's grounds for relief. As to ground one, the record does not support Petitioner's claim that the police, prosecution, and trial counsel "forged" evidence against him. (*Id.* at

2

6-7.) Ground two, regarding ineffective assistance of trial counsel, is procedurally defaulted because Petitioner did not raise the claim on direct appeal, and he failed to show cause and prejudice to excuse the default. (*Id.* at 2, 3, 11-13.) As to ground three, appellate counsel did not provide ineffective assistance by failing to raise Petitioner's proposed appellate issues regarding the credibility of witnesses and alleged disloyalty of trial counsel because those issues were frivolous. (*Id.* at 7-9.)

As to ground four, the record does not support Petitioner's claim that appellate counsel conspired with a judge to conceal misconduct at trial. (*Id.* at 6-7.) As to ground five, Petitioner's claim that trial counsel could not raise an ineffective assistance argument against himself on appeal is irrelevant because Petitioner had different counsel at trial and on appeal. (*Id.* at 10.) As to ground six, Petitioner was not entitled to represent himself on his motion for new trial because he failed to submit a request for self-representation before trial. (*Id.* at 10-11.) Finally, grounds seven and eight fail to state claims for relief because they allege defects in Petitioner's state habeas proceeding. (*Id.* at 14.)

Petitioner objects that his previous filings demonstrated an entitlement to relief on all grounds of his petition. (Doc. 39 at 1, 3, 5, 7, 9, 11.) However, Petitioner's objections lack specific arguments showing why the Court should reject or modify the R&R. The Court determines that the Magistrate Judge fully considered the filings in this case and presented sound reasons for denying Petitioner's grounds for relief.

**IT IS ORDERED** that Petitioner's objections [39] are **OVERRULED** and the Magistrate Judge's R&R [37] is **ADOPTED** as the Opinion and Order of this Court. The § 2254 petition for a writ of habeas corpus [1] is **DENIED** and a certificate of appealability is **DENIED**. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED**, this 31st day of May, 2018.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

4

AO 72A
(Rev.8/82)